# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**COURT FILE NO.: 05-cv - _____**

DANIEL FLYNN,

    Plaintiff,

v.

PROFESSIONAL RECOVERY SERVICES, INC., a New Jersey corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for any pendent state law claims or issues.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, Daniel Flynn, is a natural person who resides in the City of Colorado Springs, County of El Paso, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Professional Recovery Services, Inc. (hereinafter "PRS") is a New Jersey corporation and a collection agency operating from an address at 211 Laurel Road, Suite 350, Voorhees, New Jersey, 08043, and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6). The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. Sometime on or before December, 2004, the Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on an auto loan.

7. Due to financial circumstances beyond the Plaintiffs control the account was not paid by the Plaintiff and it went into default with the creditor.

8. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT PRS

9. On or about July, 2005, the Plaintiff started receiving numerous phone calls from a representative, employee and / or agent from the Defendant identifying himself as "Mr. Garrett". These calls each individually constituted a "communication" as defined by FDCPA §1692a(2).

10. On or about July 22, 2005, the Plaintiff received a phone call from Mr. Garrett at PRS. This call constituted a "communication" as defined by FDCPA §1692a(2).

11. Mr. Garrett stated that he was the attorney for US Bank, that the Plaintiff had a repossession of a Jeep Grand Cherokee and that if the Plaintiff did not pay in full the next step was to issue a warrant for the Plaintiffs arrest and haul the Plaintiffs a** into Court. These actions constitute violations of FDCPA 1692d preface, d(1), d(2), 1692e preface, e(3), e(4), e(5), e(7), e(10) and 1692f preface.

12. Plaintiff stated that he was with a patient right now and had to go, eventually he hung up the phone.

13. On or about July 22, 2005, immediately after hanging up the phone, the Plaintiff received a phone call from Mr. Garrett at PRS, the Plaintiff did not answer the phone and Mr. Garrett left a voicemail for the Plaintiff. This call constituted a "communication" as defined by FDCPA §1692a(2). These actions constitute violations of FDCPA 1692d preface, d(5), 1692e preface, e(10) and 1692f preface.

14. Mr. Garrett stated the following in the voicemail:

"You missed me, you missed me, now you gotta kiss me. I cannot wait, Mr. Flynn. If you really think that you are going to get away with this and that type of behavior, I will caution you. You will hear from me and my office everyday until you resolve this issue, its that simple. So you can go about your little childish kicking and screaming, fussing and wussing, but its not going to work its only making things more complicated for you, Ok Mr. Flynn. So get a load of me, Its Mr. Garrett. You will be hearing from me and I'm sure you will be missing me. Miss me, miss me and then you gotta kiss me, you got me. Call 877-952-1015 if

you want to talk about this issue and get it cleared up. Don't tell me to do what I have to do, I know what I have to do. Do what you have to do, if you have it in you." These actions constitute violations of FDCPA 1692d preface, d(1), d(2), 1692e preface, e(3), e(4), e(5), e(7), e(10) and 1692f preface.

15. On or about August 8, 2005, at or around 12:15 pm MST the Plaintiff received a phone call from Mr. Garrett at PRS. This call constituted a "communication" as defined by FDCPA §1692a(2).

16. Mr. Garrett stated that he would settle for half of the balance for a short period of time. Mr. Garrett stated that if he didn't receive payment in full in one week he would have the Plaintiffs butt in Court and would end up getting the full amount plus attorneys fees. These actions constitute violations of FDCPA 1692d preface, d(1), d(2), 1692e preface, e(3), e(4), e(5), e(7), e(10) and 1692f preface.

17. Mr. Garrett at PCS has repeatedly called the Plaintiff multiple times in a day on the account. These actions constitute violations of FDCPA 1692d preface, d(5), 1692e preface, e(10) and 1692f preface.

18. The Defendant has not taken any legal action against the Plaintiff at this time.

19. Plaintiff has received numerous calls from Mr. Garrett at Defendant PCS.

20. The foregoing acts and omissions were undertaken by the Defendant and its representative, employee and / or agent as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

21. The Defendant and its representative, employee and / or agent's above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(1), d(2) and d(5).

22. The Defendant and its representative, employee and / or agent's above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(3), e(4), e(5), e(7) and e(10).

23. The Defendant and its representative, employee and / or agent's above listed statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violates FDCPA 1692f preface.

24. Defendants' actions as well as that of its representative, employee and / or agent were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

25. Defendants' actions as well as that of its representative, employee and / or agent were willful, wanton and malicious violations of the FDCPA.

26. Defendants' actions as well as that of its representative, employee and / or agent were negligent violations of the FDCPA.

27. As a consequence of Defendants' collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## TRIAL BY JURY

28. The previous paragraphs are incorporated into this Count as if set forth in full.

29. Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7. Fed. R. Civ. Pro. 38.

## Count I, FDCPA Violations

30. The previous paragraphs are incorporated into this Count as if set forth in full.

31. The acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to §§ 1692d preface, d(1), d(2), d(5), §§ 1692e preface, e(3), e(4), e(5), e(7), e(10) and §1692f preface.

32. Defendants' violations are multiple, willful, and intentional.

33. Pursuant to FDCPA section 1692k and the Declaratory Relief Act, the Plaintiff is entitled to declaratory relief, to actual damages, statutory damages up to $1,000.00, as well as reasonable attorney's fees and costs.

## Count II, Respondeat Superior

34. The previous paragraphs are incorporated into this Count as if set forth in full.

35. Mr. Garrett was an employee of and agent for PRS, was acting within the course and scope of his employment at the time of the incidents complained of herein and was under the direct supervision and control of PRS at all times mentioned herein.

36. The negligence and actions of Mr. Garrett are imputed to his employer, PRS.

37. As a direct and proximate result of the aforesaid negligence and actions, the Plaintiff has suffered the aforementioned damages.

## Count III, Invasion of Privacy

38. The previous paragraphs are incorporated into this Count as if set forth in full.

39. Defendant and its representative, employee and / or agent intentionally invaded the Plaintiffs privacy by calling the Plaintiff back immediately after the Plaintiff hung up the phone on them, threatening to get a warrant issued for the Plaintiffs arrest and haul his a** into court, leaving the very offensive, threatening message outlined in paragraph 14 above, threatening the Plaintiff that if he didn't pay the bill within 1 week he would have his butt in court and would end up getting the full amount plus attorneys fees and by impersonating an attorney by stating that he was an attorney for US Bank.

40. Defendant and its representative, employee and / or agent intentionally caused harm to Plaintiffs emotional well being by engaging in conduct that would be very offensive to a reasonable person in the course of collecting a debt.

41. Plaintiff had a reasonable expectation of privacy in Plaintiffs solitude, seclusion, and or private concerns or affairs.

42. The above listed invasion of privacy by the Defendant and its representative, employee and / or agent occurred in a way that would be highly offensive to a reasonable person in that position.

43. Plaintiff has been harmed because of the Defendant's invasion of privacy and has damages as a result of the invasion of privacy by the Defendant including but not limited to: emotional distress, loss of sleep and loss of enjoyment of life, because of such invasions of privacy by this Defendant.

44. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

### Count IV, Outrage

45. The previous paragraphs are incorporated into this Count as if set forth in full.

46. The Defendant and its representative, employee and / or agent engaged in extreme and outrageous conduct by calling the Plaintiff back immediately after the Plaintiff hung up the phone on them, threatening to get a warrant issued for the Plaintiffs arrest and haul his a** into court, leaving the very offensive, threatening message outlined in paragraph 14 above, threatening the Plaintiff that if he didn't pay the bill within 1 week he would have his butt in court and would end up getting the full amount plus attorneys fees and by impersonating an attorney by stating that he was an attorney for US Bank.

47. The Defendant and its representative, employee and / or agent engaged in this extreme and outrageous conduct recklessly and with the intent of causing the Plaintiff severe emotional distress.

48. The Defendant and its representative, employee and / or agent's extreme and outrageous conduct caused the Plaintiff to suffer severe emotional distress and other damages including but not limited to: loss of sleep and loss of enjoyment of life because of the Defendants' and its representative, employee and / or agent's extreme and outrageous conduct.

## **Prayer**

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under state and federal law, including actual damages under 15 USC §1692k(a)(1).

2. Statutory damages under 15 USC §1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC §1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

           Respectfully submitted,

           __s/ David M. Larson_____
           David M. Larson, # 32811
           Attorney for Plaintiff
           405 S. Cascade Avenue, Suite 304
           Colorado Springs, CO 80903
           (719) 473-0006

Address of the Plaintiff:
5042 El Camino Drive # 76
Colorado Springs, CO 80918

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF COLORADO  )
                                       ) ss
COUNTY OF EL PASO  )

DANIEL FLYNN, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


_s/ Daniel P. Flynn_____
Daniel Flynn

Subscribed and sworn to before me this __31st__ day of __August___, 2005.


    __s/ Trudy L. Decoronado_____
    Notary Public


                                   My Commission Expires: __9-9-08___